**JOHNNY'S AUTOMATIC TRANSMISSION
Plaintiff,**

v.

**ONE 1971 VIKING "ELLEN J," et al. Defendant.**

**NO. C84–1227.**

United States District Court, N.D. Ohio, E.D.

Oct. 10, 1985.

Michael D. Coffey, Mentor, Ohio, for plaintiff.

David G. Davies, Ray, Robinson, Hanninen & Carle, Cleveland, Ohio, for defendant.

## ORDER

BELL, District Judge.

On April 11, 1984, the plaintiff, Johnny's Automatic Transmission, filed the above-entitled admiralty claim against the vessel, One 1971 Viking "Ellen J" (hereinafter the Ellen J) and National City Bank (hereinafter NCB). The plaintiff seeks to enforce a federal maritime lien for the installation of two new engines on the Ellen J. This court has subject matter jurisdiction over this claim pursuant to admiralty jurisdiction, 28 U.S.C. § 1333.

Presently before the court is a motion for summary judgment filed by NCB. The bank asserts that a previous action filed in state court by the plaintiff operates as a bar to any claim in this court under the doctrine of *res judicata.* Previously, the plaintiff sought to enforce in the state courts an Ohio Watercraft lien under § 4581.01 of the Ohio Revised Code. The state court held that under section 4581.01, however, NCB had a recorded security interest which took priority over any lien that the plaintiff claimed under state law.

As a general rule a party who presents a claim for adjudication in a state court shall not maintain a subsequent claim on a different legal theory or basis arising out of the same underlying facts in either a state or federal court. *See* Restatement of Judgments 2d § 24. However, this doctrine of merging the subsequent cause of action into the original judgment only occurs if the state court had original subject matter jurisdiction over all of the claims. Therefore, the issue before this court is whether the state court that relied on the claim under the Ohio Watercraft lien could have also exercised jurisdiction over the allegations in the complaint in this cause.

In this action, the plaintiff's claim is based on the Federal Maritime Lien Act, 46 U.S.C. § 971 *et seq.* Specifically, 46 U.S.C. § 971 provides that:

Any person furnishing repairs, supplies, ... or other necessities to any vessel ... shall have a maritime lien on the vessel, which may be enforced by suit in rem, and it shall not be necessary to allege or prove that credit was given to the vessel.

Thus, the lien being asserted is alleged to arise under federal law and not state law. Furthermore, 46 U.S.C. § 975 provides that the Federal Maritime Lien Act supercedes any state statute that confers any maritime lien rights such as the watercraft lien created under Ohio law.

Under 28 U.S.C. § 1333, federal district courts have exclusive jurisdiction over

"any case of admiralty or maritime jurisdiction, saving suitors in all cases all other remedies which they are otherwise entitled." The "savings to suitors" clause only allows states concurrent jurisdiction over admiralty type suits that are being brought to obtain "other admiralty remedies," *Paduano v. Yamashita Kisen Kabushiki Kaisha,* 221 F.2d 615 (2d Cir.1955). This would include in personam proceedings which exist under state law. This suit based on 46 U.S.C. § 971 does not fit within the "saving to suitors" exception to the federal district courts' exclusive jurisdiction over admiralty claims. The remedy that the plaintiff is seeking is exclusive to the federal courts.

In support of its position, NCB has cited numerous cases wherein the state courts have exercised jurisdiction over maritime claims. However, these cases all involve in personam proceedings and are not actions brought against the vessel. Thus, the case law cited by the bank does not contradict the rule that a state court does not have jurisdiction over "a remedy in rem for a maritime cause of action," *Madruga v. Superior Court,* 346 U.S. 556, 560, 74 S.Ct. 298, 301, 98 L.Ed. 290 (1954). Thus, the plaintiff has met all the pleading requirements for an in rem proceeding by asserting an action for repairs furnished to the boat.

■  Accordingly, the court finds that the earlier judgment in state court does not bar the plaintiff's federal cause of action. Therefore, the defendant's motion for summary judgment is hereby denied.

IT IS SO ORDERED.